1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    TANBEER SINGH BRAR,                    | Case No.: 1:25-cv-01046-JLT-CDB

12                    Plaintiff,             | ORDER DENYING PLAINTIFF'S MOTION
                                             | FOR DISQUALIFICATION
13            v.
                                             | (Doc. 5)
14    STATE OF CALIFORNIA,

15                    Defendant.

16

17        Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se and *in forma pauperis*, seeks

18    to hold the State of California liable for personal injury and the violation of his civil rights, alleging

19    he was falsely arrested on April 22, 2021.  *See generally* (Doc. 1).  Pending before the Court is

20    Plaintiff's motion for disqualification of the undersigned and the assigned District Judge Jennifer

21    L. Thurston brought pursuant to 28 U.S.C. § 455, filed on August 28, 2025.  (Doc. 5).

22    **I.        Governing Authority on Disqualification**

23        28 U.S.C. § 455, concerning judicial disqualification, provides, in relevant part, as follows:

24            (a) Any justice, judge, or magistrate judge of the United States shall
                disqualify himself in any proceeding in which his impartiality
25                might reasonably be questioned.

26            (b) He shall also disqualify himself in the following circumstances:

27            (1) Where he has a personal bias or prejudice concerning a party,
                    or personal knowledge of disputed evidentiary facts
28                  concerning the proceeding; …

28 U.S.C. § 455(a), (b)(1).

"The purpose of § 455 is 'to avoid even the appearance of partiality." *United States v. Baca*, 610 F. Supp. 2d 1203, 1211 (E.D. Cal. 2009) (citation omitted).  Although a judge must recuse himself from any proceeding in which any of the section 455 criteria apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal.  Instead, there is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal").  The standard for recusal under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011).  "The obligation not to recuse is perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling during the action." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1205-06 (E.D. Cal. 2010).

The decision regarding disqualification is to be made by the judge whose impartiality is at issue. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (holding that a motion for recusal must be decided by the very judge whose impartiality is being questioned); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (same).

**II.    Discussion**

Upon review of Plaintiff's motion for disqualification, the undersigned finds it to be insufficient.  It fails to allege facts that would support the contention that the undersigned has exhibited bias and prejudice directed towards Plaintiff or has personal knowledge of disputed evidentiary facts concerning the proceeding at hand, *i.e.*, on the pending findings and recommendations to dismiss this action as time-barred and barred under the Eleventh Amendment. *See* (Doc. 3).  Plaintiff's motion appears to allege bias or prejudice arising solely out of judicial actions taken by the undersigned and/or the assigned district judge in other matters before the Court, namely: (1) in Case No. 1:25-cv-00504-JLT-CDB (dismissed complaint with prejudice and without leave to amend on July 11, 2025), and (2) Case No. 1:25-cv-00527-JLT-CDB (dismissed for lack

2

1    of subject matter jurisdiction and failure to obey a court order and to prosecute on August 8, 2025).

2    Plaintiff's motion appears to be based on his conclusory assertion, without citing to any authority,

3    that the undersigned and the assigned district judge violated "canon[s] and discretion of the [C]ourt"

4    in dismissing his other cases as set forth above. *See United States v. Bell*, 79 F. Supp. 2d 1169,

5    1173 (E.D. Cal. 1999) ("While a judge's consideration of a motion for recusal must take all facts

6    provided as true for the purpose of ruling on their legal sufficiency, the court need not accept

7    conclusory speculations that lack any factual support.").

8         Thus, concerning Section 455, the issues raised by Plaintiff in his motion for

9    disqualification are not proper grounds to disqualify a judge for bias and prejudice. The United

10   States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for

11   a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, judicial

12   rulings are a basis for appeal, not recusal. *Id*.; *see Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th

13   Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not

14   an adequate basis for recusal") (citations omitted). Plaintiff's assertions here would not cause a

15   reasonable person with knowledge of all the facts to conclude that the impartiality of the

16   undersigned might reasonably be questioned. *Perry*, 630 F.3d at 911; *Holland*, 519 F.3d at 912;

17   *e.g.*, *Jensen v. Santa Clara Cnty.*, 32 Fed. Appx. 203, 206 (9th Cir. 2002) (mere allegations of

18   plaintiff seeking damages for injury from pesticide that trial judge had a pro-pesticide bias was not

19   enough to support judge's recusal where plaintiff's allegation had no support in the record). Stated

20   otherwise, "a party challenging a judge for bias needs to show facts, not merely her opinion, to

21   demonstrate the judge's actual or apparent bias to justify recusal." *Jensen*, 32 Fed. Appx. at 206

22   (citing *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991)); *see, e.g.*, *Saddozai v.

23   Carwithen*, No. 21-cv-01352 BLF (PR), 2022 WL 6584457, at *1 (N.D. Cal. Sept. 21, 2022)

24   ("Plaintiff's assertions regarding personal bias and prejudice are simply conclusory. The Court does

25   not have nor has ever expressed any 'discriminatory animus' against Plaintiff based on his poverty,

26   imprisonment, or race, and no improper remarks have ever been made showing lack of

27   impartiality"). And, as noted above, the Court's judicial rulings alone do not constitute a valid

28   basis for a showing of bias or prejudice. *See Liteky*, 510 U.S. at 555; *Maier v. Orr*, 758 F.2d 1578,

1583 (9th Cir. 1985) ("Frivolous and improperly based suggestions that a judge recuse should be firmly declined.").

In sum, Plaintiff's motion for disqualification will be denied.

**III.    Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for disqualification (Doc. 5) is DENIED.

IT IS SO ORDERED.

Dated:    **September 17, 2025**                          _____
                                                        UNITED STATES MAGISTRATE JUDGE

4