**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TANBEER SINGH BRAR,

Plaintiff,

v.

STATE OF CALIFORNIA,

Defendant.

Case No. 1:25-cv-01046 JLT CDB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITH PREJUDICE AS TIME-BARRED AND BARRED UNDER THE ELEVENTH AMENDMENT

(Docs. 3, 4, 6)

Tanbeer Singh Brar, proceeding pro se and *in forma pauperis*, seeks to hold the State of California liable for personal injury and the violation of his civil rights, alleging he was falsely arrested on April 22, 2021. (Doc. 1 at 5, 41, 46.)

After having conducted a preliminary review of Plaintiff's complaint, on August 25, 2025, the assigned magistrate judge issued findings and recommendations that this action be dismissed with prejudice because Plaintiff's claims are time-barred under the applicable statute of limitations. (Doc. 3.) The magistrate judge found that "Plaintiff was on notice of the bases of his current claim on April 22, 2021, when he alleged that was the date he was unlawfully arrested[,]" that Plaintiff "has not alleged whether his claims are tolled, and the [magistrate judge] does not find any tolling statutes applicable here." (*Id.* at 5.) The magistrate further found that Plaintiff's false arrest claim against the State of California would be barred under the Eleventh Amendment. (*Id.*)

On August 28, 2025, Plaintiff timely filed objections to the findings and recommendations. (Doc.

4.) Plaintiff's objections are not responsive to either the time-bar issue or the sovereign immunity issue. He fails to cite to any authority supporting his conclusory allegation that he can bring his claim for false arrest and unlawful force "within [seven] years." Further, he objects pursuant to to 28 U.S.C. § 455 based on his motion to disqualify the assigned magistrate judge and the undersigned that was contemporaneously filed with his objections (Doc. 5), which was denied by the Court on September 18, 2025. (Doc. 8.) Plaintiff's objections include what appears to be a fictitious, signed document from the "United State [sic] of America Commissions on Councils of Districts" that purportedly commands the Court to "change officers on all proceedings of [Plaintiff]" and award him $97,000.00. (Doc. 4 at 4.)

Plaintiff is advised that filing fictitious legal documents before the Court violates Federal Rule of Civil Procedure 11(b) and could expose Plaintiff to the imposition of sanctions, up to and including financial sanctions and the dismissal of his action. *See* Fed. R. Civ. P. 11(b) (requirement for a party to certify that to the best of his knowledge, information, and belief that a filing presented to the Court, *inter alia*, "is not being presented for any improper purpose[,] … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument[,] … [and] the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"); *see id.* 11(c); *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) ("Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose.") (internal quotation marks omitted); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("Rule 11 applies to *pro se* plaintiffs[.]"); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("Our cases have established that sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'") (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986).) Therefore, Plaintiff has not shown he is able to escape the time bar of the statute of limitations or the issue of sovereign immunity in pursuing his action against the State of California.[1]

[1] For these reasons, Plaintiff's motion for temporary restraining order (TRO) (Doc. 6) is also **DENIED**. Because Plaintiff's action is time-barred and barred under the Eleventh Amendment, he is unable to establish that he is likely to succeed on the merits of his claims and thus a TRO is not available. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter entire matter, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued August 25, 2025 (Doc. 3) are **ADOPTED IN FULL**.
2. This action (Doc. 1) is **DISMISSED WITH PREJUDICE** as time-barred and barred under the Eleventh Amendment.
3. The Clerk of the Court is **DIRECTED** to terminate Plaintiff's motion for miscellaneous relief (Doc. 7) as moot and to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: **September 19, 2025**

UNITED STATES DISTRICT JUDGE